**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eldridge Wayne Coleman, | No. CV-19-01733-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Cauliflower Alley Club Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Cauliflower Alley Club's Motion to Dismiss (Doc. 6, Mot.), to which Plaintiff Eldridge Wayne Coleman filed a Response (Doc. 10, Resp.), and Defendant filed a Reply (Doc. 12, Reply).

Plaintiff is a former professional wrestler who used the name "Superstar Billy Graham" and, at the time of the events giving rise to this suit, was a member of Defendant organization. (Doc. 1–3, Compl. ¶ 10; Mot. at 1–2.) Defendant is a nonprofit organization whose membership consists partially of current and former professional wrestlers and whose mission is to financially assist former wrestlers during difficult financial times. (Compl. ¶ 10; Mot. at 1–2.)

In the Complaint, Plaintiff alleges that the organization's President, Mr. Brian Blair, "falsely accused Plaintiff of having absconded on hotel charges and fees of over $17,000.00 in connection with [Defendant's] convention in Las Vegas." (Compl. ¶ 16.) Plaintiff refers to the following statement written by Mr. Blair and posted to his Facebook account:

Talk about the ungrateful person SBGis! He received over $17,000 of assistance from the CAC, and that is documented. While at the CAC Reunion in Vegas, he left all of his expenses for the CAC to pay & after all of that, he never said Thank you to anyone. Karl Lauer has all the records to reflect these comments. Why he would want to call me names, after he has received so much financial assistance in the past, and because we had/have many others that had never received financial aid before apply, [*sic*] he wants to blasphemy me! There are many Petty fools in life and it seems as if Billy has turned into one. I don't know if he's senile or what his reasoning is to use such explicit adjectives and to berate someone (me), that has given countless hours of time, to assist so many other colleagues in need. Mr. Graham's language and actions are as childish as I've ever seen in my life. I certainly hope Mr [*sic*] Graham gets well both mentally and physically! Sincerely, BBB[.]

(Compl. ¶ 19, Ex. 2.)

Plaintiff alleges that Mr. Blair's statement was "made with actual malice" because he "knew [it] to be false" or "acted with a reckless disregard as to [its] truth." (Compl. ¶ 18.) Plaintiff ultimately claims that this statement constitutes libel per se because it "falsely impeach[es] [his] honesty, integrity and reputation." (Compl. ¶ 20.) Defendant now moves to dismiss for failure to state a claim. (Mot. at 1.)

## I. LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.    ANALYSIS

Defendant argues that the statement at issue "is not defamatory . . . under existing constitutional law and Arizona law" because it "does not impeach Plaintiff's character and is hyperbole . . . incapable of being proven false." (Mot. at 5.) Defendant contends that "the statement that Plaintiff 'received over $17,000 of assistance' would not be interpreted by a reasonable person as referring to an unpaid hotel bill" and therefore cannot be defamatory. (Reply at 2.) Plaintiff, however, interprets the statement to imply that he "ran up $17,000 in expenses" at the convention and "left without paying them," and he argues that this "goes to the heart of his honesty, integrity, virtue and reputation." (Resp. at 3.)

Under Arizona law, "[t]o be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation." *Reynolds v. Reynolds*, 294 P.3d 151, 155 (Ariz. Ct. App. 2013) (quoting *Turner v. Devlin*, 848 P.2d 286, 288–289 (Ariz. 1993)). A statement is false where it "reasonably appear[s] to state or imply assertions of objective fact" that actually are untrue. *Yetman v. English*, 811 P.2d 323, 328 (Ariz. 1991). In making a falsity inquiry, courts must at times look beyond a statement's literal meaning because "literal words of challenged statements do not entitle a [] defendant to opinion hyperbole immunity." *Id.* (internal quotation omitted). Courts must instead "consider the impression created by the words used as well as the general tenor of the expression, from the point of view of the reasonable person" in order to determine whether the statement could be construed as fact. *Id.* Ultimately, the "threshold question" is "whether a reasonable

factfinder could conclude that the statement implies an assertion of objective fact." *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir. 1990) (internal quotations omitted).

In addition to being false, alleged defamation must actually be defamatory—that is, it "must bring the defamed person into disrepute . . . or must impeach [his] honesty, integrity, virtue, or reputation." *Reynolds*, 294 P.3d at 155. In deciding whether a statement is defamatory, the Court determines, as a matter of law, whether a statement is "capable of bearing" the meaning alleged by the plaintiff, and, if so, "whether that meaning is defamatory." *Id.* (quoting Restatement (Second) of Torts § 614(1) (Am. Law Inst. 1977)). If both questions are answered "in the affirmative," a jury must then decide "whether the communication was in fact understood by its recipient in the defamatory sense." *Burns v. Davis*, 993 P.2d 1119, 1129 (Ariz. Ct. App. 1999). In determining whether an alleged meaning is defamatory, Arizona courts have held that "[t]he meaning of words and statements should not be construed in isolation;" instead, "the context and all surrounding circumstances, including the impression created by the words used and the expression's general tenor" should be considered. *Id.* (quoting Restatement (Second) of Torts § 614 cmt. b).

Nevertheless, a defendant who publishes a false and defamatory statement "is subject to liability . . . only if[] he (a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them." *Reynolds*, 294 P.3d at 155 (quoting Restatement (Second) of Torts § 580(b)).

Plaintiff contends that Mr. Blair's post was both false and defamatory. (Compl. ¶ 15.) Further, Plaintiff alleges that Mr. Blair either knew the statement was false or acted with reckless disregard of its falsity and thus is liable for defamation. (Compl. ¶ 18.) The portion of the statement Plaintiff alleges to be defamatory is: "Talk about the ungrateful person [Plaintiff] is! He received over $17,000 of assistance from [Defendant], and that is documented. While at [Defendant's event] in Vegas, he left all of his expenses for [Defendant] to pay & after all of that, he never said thank you to anyone." (Resp. at 2.)

Plaintiff claims that the statement "suggest[s] one event—[that] he left $17,000 in 'expenses' for [Defendant] to pay." (Resp. at 2.) He argues that nothing distinguishes "assistance" and "expenses" as "two separate events," and that the two words can essentially be construed as referring to the same event, leading readers to believe he absconded on a $17,000 hotel bill. (Resp. at 2.)

Defendant, however, asserts that, in the context in which Mr. Blair made the statement, Mr. Blair "never said [P]laintiff absconded on over $17,000 of hotel charges. What he said was that [P]laintiff was not grateful even after having received $17,000 of financial assistance from [Defendant]." (Mot. at 4.) Defendant argues that the $17,000 "was not referring to the hotel charges [Plaintiff] failed to pay but rather the assistance that [Defendant] had provided" in the past. (Mot. at 4.) Defendant also contends that Mr. Blair's statement was "mere hyperbole" and the accusation of Plaintiff being "ungrateful" is "not capable of being proven true or false." (Mot. at 5.) Defendant ultimately argues that, "when viewed in its entirety, the statement is not defamatory." (Reply at 1.)

The Court finds that Plaintiff's claim is not plausible based on the facts alleged. When read in isolation, it is plausible that a reasonable person could read "assistance" and "expenses" together to imply that Plaintiff accrued $17,000 worth of hotel expenses at Defendant's event and left without paying them, potentially knowing that Defendant would be required to pay them instead. Arizona law, however, requires the context, impression, and expression of the words used to be taken into consideration, and these words, when read in their totality, do not suggest that Plaintiff "absconded" on a $17,000 hotel charge. A reasonable person could not make this inference because Mr. Blair never stated that Plaintiff left the event without saying thank you in an attempt to avoid paying for the hotel charges; rather, he complained about Plaintiff's lack of gratitude after Plaintiff allowed Defendant to pay for his hotel expenses at its event, in addition to having received $17,000 in prior assistance.

When read in full, the statement emphasizes Plaintiff's lack of gratitude, as one sentence states, in part, that Plaintiff "has received so much financial assistance in the past."

(Compl., Ex. 2.) Ignoring this portion of the statement, as Plaintiff does, completely changes its meaning. Indeed, when read in isolation, the excerpt may comport with Plaintiff's interpretation, but when read in full, the statement cannot reasonably be interpreted that way. *See Turner*, 848 P.2d at 293 ("The reasonable inferences to be drawn must be determined by reading the letter as a whole, not by singling out [] words"). Mr. Blair's statement does not highlight Plaintiff's nonpayment—which goes to the heart of Plaintiff's claim that it injures his reputation—but rather emphasizes Plaintiff's departure without a showing of appreciation. Because Plaintiff has failed to plausibly allege that the statement defames him, the Court will grant Defendant's Motion to Dismiss.

## IV. CONCLUSION

Plaintiff has not met his burden of stating facts to plausibly show that Defendant published a defamatory statement. Thus, the Court will dismiss this action for Plaintiff's failure to state a claim. Further, because the defect in Plaintiff's claim cannot be cured by amendment, the Court will dismiss it without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss for failure to state a claim (Doc. 6) and dismissing Plaintiff's claim with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 30th day of July, 2019.

_____
Honorable John J. Tuchi
United States District Judge